```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/22/2025
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

KERRY G. CALDWELL,

                  Plaintiff,

-against-

FEDERAL BUREAU OF PRISONS;
TIMOTHY BARNETT; AMY BONCHER;
ERIK RICKARD; J. NALEPA; B. TURK; B.
BARTSCH,

                  Defendants.

25-CV-7261 (NSR)

ORDER

NELSON S. ROMÁN, United States District Judge:

    Plaintiff Kerry G. Caldwell, who is currently incarcerated at FCI Otisville, brings this action under the Court's federal question jurisdiction, alleging that Defendants violated his rights when he was deprived of access to his tablet, visitation privileges, and 41 days of Good Conduct Time ("GCT") without due process. Plaintiff seeks money damages and restoration of his GCT. As set forth below, the Court stays Plaintiff's claims for money damages arising from the denial of his GCT, construes Plaintiff's complaint as including a request for *habeas corpus* relief under 28 U.S.C. § 2241, and grants Plaintiff 30 days to withdraw the Section 2241 claim.

## DISCUSSION

### A.    Claims for money damages

    Although Plaintiff invokes 42 U.S.C. § 1983, because he alleges that his constitutional rights were violated by employees of the federal government, his claims for money damages arise under *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971). *See Ashcroft v. Iqbal*, 556 U.S. 662, 675 (2009) ("[*Bivens*] is the federal analog to suits brought against state officials under [Section 1983].").

Plaintiff's claims for damages arising from denial of his GCT are barred by the Supreme Court's decision in *Edwards v. Balisok*, 520 U.S. 641 (1997). In that case, the Supreme Court extended its ruling in *Heck v. Humphrey*, 512 U.S. 477 (1994), to hold that district courts must dismiss any civil claim necessarily implying the invalidity of a prison disciplinary hearing that affects the length of a sentence, such as revocation of good time credits. *See Balisok*, 520 U.S. at 648. Such a claim can only be brought if the plaintiff can demonstrate that the revocation of good-time credit has been invalidated. *Id.* at 643; *see Jenkins v. Haubert*, 179 F.3d 19, 24-25 (2d Cir. 1999) ("[T]o comply with the *Heck* rule, a prisoner, as a prerequisite to maintaining his § 1983 actions, must establish that his conviction or sentence has been overturned or invalidated by an administrative board . . . or a federal court in a habeas proceeding.").[1] Here, Plaintiff seeks money damages arising, in part, from the denial of GCT, but he does not allege that the prison disciplinary hearing resulting in that that denial has been invalidated.

Because the Court construes this action as including a *habeas corpus* challenge to Plaintiff's loss of GCT under Section 2241, the Court stays Plaintiff's claims for money damages arising from the loss of his GCT credits until his Section 2241 challenge is resolved.[2]

**B.     Relief under 28 U.S.C. § 2241**

Plaintiff seeks an injunction directing the Bureau of Prisons to restore his 41 days of GCT. The proper mechanism for Plaintiff to challenge the deprivation of his GCT credits is in a petition for a writ of *habeas corpus* under 28 U.S.C. § 2241. *See Chambers v. United States*, 106

---

[1] District courts within the Second Circuit have applied *Heck* and *Balisok* to bar civil rights actions brought against federal officials under *Bivens*. *See, e.g.*, *Garrett v. Ask-Carlson*, No. 15-CV-0723 (PAC) (JCF), 2015 WL 5511914, at *1-2 (S.D.N.Y. Sept. 18, 2015); *Crum v. Dodrill*, 562 F. Supp. 2d 366, 377-79 (N.D.N.Y. 2008).

[2] The Court does not decide at this stage whether a cause of action for money damages under *Bivens* is available for Plaintiff's procedural due process claims.

F.3d 472, 474–75 (2d Cir. 1997) ("A challenge to the execution of a sentence . . . is properly filed pursuant to Section 2241."); *Jiminian v. Nash*, 245 F.3d 144, 146 (2d Cir. 2001) (A Section 2241 petition "generally challenges the execution of a federal prisoner's sentence, including such matters as the administration of parole, computation of a prisoner's sentence by prison officials, prison disciplinary actions, prison transfers, type of detention and prison conditions."); *Wentzel v. Pliler*, No. 21-CV-9245 (AT) (JLC), 2022 WL 9798257, at *5 (S.D.N.Y. Oct. 17, 2022) (Section 2241 petition is proper vehicle for "challenges based on . . . prison disciplinary actions, loss of good conduct time, and alleged due process violations" (citations omitted), *report & recommendation adopted*, 2023 WL 5183144 (S.D.N.Y. Aug. 11, 2023).

"It is routine for courts to construe prisoner petitions without regard to labeling in determining what, if any, relief the particular petitioner is entitled to." *Chambers*, 106 F.3d at 475. District courts, however, may not *sua sponte* convert post-conviction submissions, putatively brought under some other provision, as requesting *habeas corpus* relief pursuant to Section 2241 without first giving the petitioner notice and an opportunity to decline the conversion or withdraw the submission. *See Simon v. United States*, 359 F.3d 139, 143-44 (2d Cir. 2004).

Plaintiff's complaint, although labeled as a complaint for damages and injunctive relief under 42 U.S.C. § 1983, challenges the execution of his federal sentence. The Court therefore construes Plaintiff's submission as including a request for *habeas corpus* relief under Section 2241. If Plaintiff does not wish to have this action characterized by this Court as including a request for Section 2241 relief, he must submit a request to have his Section 2241 claim withdrawn, in writing, to this Court's Pro Se Intake Unit within 30 days of the date of this order.

If Plaintiff does not inform the Court of his intent within 30 days, the Court will construe the complaint as including a request for Section 2241 relief and proceed accordingly.

Should Plaintiff decline to pursue Section 2241 relief in this action, and instead choose to pursue money damages arising only from the denial of his tablet and visitation rights, he will likely forfeit any future challenge to the denial of his GCT credits. *See Peralta v. Vasquez*, 467 F.3d 98, 100 (2d Cir. 2006) (holding that if a prisoner challenges a disciplinary proceeding that resulted both in loss of good time credits and in punishment affecting his conditions of confinement (such as visitation), a court may address the conditions of confinement claims *only* if the prisoner unequivocally gives up his right to challenge the loss of good time credits forever).

**CONCLUSION**

The Court construes the complaint in this action as including a request for *habeas corpus* relief pursuant to 28 U.S.C. § 2241. If Plaintiff does not want to pursue relief under Section 2241, he must notify the Court in writing within 30 days of the date of this order that he wishes to withdraw his request for Section 2241 relief. If Plaintiff does not inform the Court of his intent within 30 days, the Court will construe the complaint as including a request for Section 2241 relief and proceed accordingly. No answer is due at this time.

Because Plaintiff has not at this time made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue. *See* 28 U.S.C. § 2253.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an

4

appeal. *Cf. Coppedge v. United States*, 369 U.S. 438, 444-45 (1962) (holding that an appellant demonstrates good faith when he seeks review of a nonfrivolous issue).

SO ORDERED.

Dated:   October 22, 2025
           White Plains, New York

                                           NELSON S. ROMÁN
                                           United States District Judge